## 12 CV 8756

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GARY AND EDITH JIMENEZ, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BGL CREDIT, LTD., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Case No. _____

**COMPLAINT**

JUDGE HELLERSTEIN

**Jury Trial Demanded**

RECEIVED
DEC 0 3 2012
U.S.D.C.S.D. N.Y.
CASHIERS

### NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, and/or where Defendant transacts business in this district.

### PARTIES

4.     Plaintiffs, Gary Jimenez and Edith Jimenez ("Plaintiffs"), are natural persons who at all relevant times resided in the Territory of Puerto Rico, and City of San Sebastián.

5.     Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, BGL Credit, Ltd. ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with collection of an alleged debt in default (the "Debt"), Defendant sent Plaintiffs initial written communication dated May 16, 2012, and in such communication, provided the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*

12.     In its May 16, 2012 initial written communication, Defendant stated, in relevant part:

> "Re: Riverbay Corporation
> v.
> Gary Jimenez and Edith Jimenez
> Premises: 140 Bellamy Loop Apt. 19B
> Claim Amount: $8,763.98 as at 9/21/11
>          Plus ALL Legal Fees & Expenses
> BGL File No.: 1567-1702"

*See* Correspondence, attached hereto as Exhibit "A."

13.     In its May 16, 2012 initial written communication, Defendant indicated that the "claim amount" of $8,763.98 was separate from "all legal fees and expenses."

14.     Riverbay Corporation, Defendant's client had previously provided Plaintiffs a breakdown of carrying charges, included in this carrying charge were "legal fees" in the amount of $150.00. Which amount was included in Riverbay's billing sheet to Plaintiffs indicating a balance due of $8,763.98.

15.     Thus in its May 16, 2012 initial written communication, Defendant misrepresented the amount of Plaintiffs' alleged debt by stating that the $8763.98 claim amount did not include the $150.00 of legal fees already included in the alleged "Claim Amount."

16.     In connection with collection of an the Debt, Defendant sent Plaintiffs a written communication dated June 25, 2012, and in such communication advised Plaintiffs, "Since you have not yet responded to my last letter of June 1, 2012 . . . we will be directing out [*sic*] attorney to initiate a lawsuit against both of you . . . ." The letter further advised Plaintiffs that if they did not contact Defendant within 10 days, Defendant would proceed "as outlined above." *See* Correspondence, attached hereto as Exhibit "B."

17. After the expiration of 10 days, Plaintiffs had not contacted Defendant, and Defendant did not initiate a lawsuit against Plaintiffs.

18. In connection with collection of an the Debt, Defendant sent Plaintiffs a written communication dated July 23, 2012.

19. The July 23, 2012 communication purported to be an inter-office memoranda between Defendant and its client, Riverbay Corporation, and stated as follows: "This letter is to acknowledge our receipt of your authorization to engage one of our attorneys to litigate this claim." *See* Correspondence, attached hereto as Exhibit "C."

20. Thus Defendant's June 25, 2012 communication misrepresented to Plaintiffs that it had the authority to initiate a lawsuit against them as of July 5, 2012. (Exhibit "B")

21. As of October 2012, no suit has been filed against Plaintiffs.

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiffs suffered and continue to suffer injury to Plaintiffs' feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 22 above.

24. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiffs' alleged debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

25.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 22 above.

26.     Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiffs, including: misrepresenting the current amount due on the Debt; misrepresenting its authority to file suit as of July 5, 2012; and misrepresenting its intention to file suit against Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(5)

27.     Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 22 above.

28.     Defendant violated 15 U.S.C. § 1692e(5) by falsely stating to Plaintiff that it would initiate a lawsuit against Plaintiffs 10 days following in its communication dated June 25, 2012.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

29.    Plaintiffs are entitled to and hereby demand a trial by jury.

This _26_ day of _November_, 2012.

ATTORNEYS FOR PLAINTIFFS
*Gary and Edith Jimenez*

Respectfully submitted,

Jeanne Lahiff, Esq.
NY Bar No. 2252435
*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004
(888) 595-9111 ext. 511
(866) 842-3303 (fax)
JLahiff@attorneysforconsumers.com

*Please send correspondence to the address below:*

*Weisberg & Meyers, LLC*
Attorneys for Plaintiffs
5025 N. Central Ave. #602
Phoenix, AZ 85012